KETHLEDGE, Circuit Judge,
disseriting.
DISSENT
The question here is whether MSHA has authority to investigate a miner’s complaint when the complaint fails to allege discrimination in violation of the Mine Act. The Act provides that a miner who thinks his employer has discriminated against him in violation of the Act may file a complaint “alleging such discrimination.” 30 U.S.C. § 815(c)(2). “Upon receipt of such complaint,” MSHA “shall” -then *297 “cause such investigation to be made as [it] deems appropriate.” Id. Here, an MSHA complaint-processor took down Gatlin’s story and then reduced it to a written complaint. Yet, as the Commission itself found, Gatlin’s complaint still did not allege any discrimination in violation of the Act. See Sec’y of Labor v. Hopkins Cty. Coal, LLC, 38 FMSHRC 1317, 1318 (June 2016). MSHA therefore lacked any basis to require Hopkins to produce its personnel records.
Moreover, when MSHA does receive a complaint alleging discrimination in violation of the Act, the Act requires MSHA to forward a copy of that complaint to the respondent. 30 U.S.C. § 815(c)(2). This requirement’s manifest purpose is to provide the operator with notice of its alleged violation of the Act before MSHA begins engaging in conduct that resembles a Fourth Amendment search. Absent such notice, an operator is hard-pressed to determine whether a request for documents by MSHA is lawful under the Act.
Hopkins had no such notice here, which left it to guess whether MSHA’s request for volumes of its records was lawful. And a wrong guess would expose Hopkins to fines of up to $5,000 per day. See 30 U.S.C. §§ 814, 820. I therefore agree with the dissenting commissioners that, “[w]hen there is not even a claim of protected activity or adverse action based on protected activity by the miner or MSHA, a request for five years of personnel records is a fishing expedition not authorized by the statute as a reasonable request.” Hopkins Cty. Coal, LLC, 38 FMSHRC at 1347.
I respectfully dissent.